UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARMAGNE DOMINGO, <br><br> Plaintiff, <br><br> v. <br><br> ARGENTO SC BY SICURA INC., *et al.*, <br><br> Defendants. | Case No. 2:24-cv-00488-RFB-DJA <br><br> **ORDER** |

### I. INTRODUCTION

Pending before the Court is Plaintiff Charmagne Domingo's Motion to Remand. ECF No. 11. Defendant Ross Stores Inc. opposes the motion. ECF No. 12. Plaintiff did not file a reply. Defendant's removal was timely under 28 U.S.C. § 1446(b)(3). As a result, the Court denies Plaintiff's motion.

### II. BACKGROUND

The instant action arises from a products liability case. As alleged in the Complaint, a chair purchased from Defendant Ross broke while Plaintiff was using the chair, resulting in injuries. Plaintiff filed her Complaint on July 27, 2023, in the Eight Judicial District Court, Clark County. Charmagne Domingo vs. Argenton SC by Sicura, Inc. et al., Case No. A-23-874694-C. Plaintiff brought the following claims: (First Cause of Action) design defect; (Second Cause of Action) breach of implied warranty; (Third Cause of Action) strict product's liability; (Fourth Cause of Action) failure to inspect and warn; (Fifth Cause of Action) misrepresentation; (Sixth Cause of Action) malice, fraud or oppression; (Seventh Cause of Action) intentional infliction of emotional distress. In the section alleging each Cause of Action, Plaintiff stated that she has incurred damages

in an amount in excess of $15,000. The Complaint also included the following prayer for relief:

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

    1. For general damages and loss in an amount in excess of $10,000;

    2. For special damages in an amount in excess of $10,000;

    3. For punitive damages in an amount in excess of $10,000;

    4. For prejudgment interest according to law;

    5. For attorney's fees and costs; and

    6. For such other and further relief as the Court may deem just and proper.

ECF No. 1, Ex. A 4-11.

Plaintiff served the Complaint on Defendant Ross Stores Inc. on November 15, on Defendant Avalanche IP LLC on November 17, 2023, and on Defendant Argenton SC by Sicura Inc. on November 20, 2023. ECF No. 1, Ex. B, C, D. Defendant Argento filed its answer on January 24, 2024. ECF No. 1, Ex. E. Defendant Ross Stores filed its Answer on January 25, 2024. ECF No. 1, Ex. F. Defendant Avalanche has not filed an answer.

On February 14, 2024, Plaintiff filed a request for exemption from arbitration. The request noted that Plaintiff's medical bills exceeded $80,000. ECF No. 1, Ex. G. On March 12, 2024, Defendant Ross Stores Inc. filed a petition for removal. Plaintiff filed the instant Motion to remand on April 9, 2024. ECF No. 11. Defendant Ross Stores Inc. filed a response. ECF No. 12. Plaintiff did not file a reply. This Order follows.

**III.    LEGAL STANDARD**

Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. When original jurisdiction exists but the matter was filed in a state court, the matter may be removed to federal district court. 28 U.S.C. § 1441(b).

There are two avenues to removal, and both are governed by a thirty-day deadline. 28 U.S.C. § 1446(b); Dietrich v. Boeing Co., 14 F.4th 1089, 1090 (9th Cir. 2021). The first is where

the basis for removal is clear from the complaint or other initial pleading under 28 U.S.C. § 1446(b)(1). Id. In those cases, the thirty-day clock begins running after service of the initial complaint only if "the case stated by the initial pleading is removable on its face." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

The second avenue is provided under 28 U.S.C. § 1446(b)(3) "if the case stated by the initial pleading is not removable," but the defendant later receives an "amended pleading, motion, order, or other paper" that makes it clear that the case "is or has become removable." Deitrich, 14 F.4th at 1090. Furthermore, "other paper" does not include "any document received prior to receipt of the initial pleading." Carvalho v. Equifax Info. Serv., LLC, 629 F.3d 876, 885–86 (9th Cir. 2010). If the notice of removal was untimely, a plaintiff may move to remand the case back to state court. 28 U.S.C. § 1447(c).

**IV.     DISCUSSION**

Plaintiff argues that the case be remanded to state court because Defendant Ross' notice of removal was untimely. Defendant Ross removed this case to federal court on April 9, 2024. The last defendant was served on November 20, 2023. Thus, Defendant Ross removed the case over 10 months after Defendants were served. Plaintiff is correct that under 28 U.S.C. § 1446(b)(1), the notice of removal must be filed within 30 days of service of the summons and complaint.

However, 28 U.S.C. § 1446(b)(1) only applies if the face of the initial pleading makes it clear that the case is removable. In limiting the inquiry to the "four corners of the applicable pleadings," the Ninth Circuit does not require a defendant to "make further inquiry" of jurisdictional facts to which it might have access. See Harris, 425 F.3d at 692. The four corners of the complaint do not satisfy the amount in controversy for removal in this case. In each Cause of Action section, Plaintiff alleges that she has incurred "general and special damages" in excess of $15,000. Later, in the prayer for relief, Plaintiff alleges a total of $30,000. Though Plaintiff alleges an unknown amount "in excess" of either the $15,000 or $30,000, this is not sufficiently clear for Defendants to ascertain that the amount sought is over the $75,000 required for diversity jurisdiction. See 28 U.S.C. § 1332. Thus, the removal clock was not triggered with the service of the complaint under 28 U.S.C. § 1446(b)(1).

Instead, the Court must consider when the Defendants could first ascertain that grounds for removal existed from "an amended pleading, motion, order, or other paper." 28 U.S.C. § 1446(b)(3). It is within 30 days of that date that Defendants must file their notice of removal. Here, Defendants were not aware that the amount at issue was over $75,000 until the Plaintiff filed the request for exemption on February 14, 2024. In that motion, Plaintiff stated that her current medical bills exceeded $80,000. Defendant Ross filed their petition for removal within 30 days of that motion. Accordingly, Defendant Ross' removal on March 12, 2024, was timely.

## V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) is **DENIED**.

**DATED:** October 21, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**