**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CHARMAGNE DOMINGO,

       Plaintiff,

       v.

ARGENTO SC BY SICURA INC., *et al.*,

       Defendants.

Case No. 2:24-cv-00488-RFB-DJA

**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**

Before the Court are Defendants' Joint Motion for Summary Judgment (ECF No. 35), Plaintiff's Motion to Certify Questions of Law to the Supreme Court of Nevada (ECF No. 38), and Cross-Claimant Ross Stores, Inc.'s Motion for Summary Judgment (ECF No. 39). The Court has reviewed the record in this case and concludes that Plaintiff's claims are barred by Nevada's statute of limitations for personal injury actions. See NEV. REV. STAT. ANN. § 11.190(4)(e) (West 2025). As such, the Court grants Defendants' Joint Motion for Summary Judgment in full, and it denies the remaining motions as moot.

**I.    LEGAL STANDARD**

A party is entitled to summary judgment when they demonstrate "that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law" on their claim(s). See FED. R. CIV. P. 56(a); see also Hollis v. R&R Rests., Inc., 159 F.4th 677, 683 (9th Cir. 2025) (citation omitted). A fact is material if it "might affect the outcome of the suit under the governing law." Eat Right Foods Ltd. v. Whole Foods Mkt., Inc., 880 F.3d 1109, 1118 (9th Cir. 2018) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986)). Thus, "[a] genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party.'" Lerner & Rowe PC v. Brown Engstrand & Shely LLC, 119 F.4th 711, 717 (9th Cir. 2024) (quoting Anderson, 477 U.S. at 248). At this procedural posture, the Court is solely charged with determining "whether there is a genuine issue [of fact] for trial;" in other words, this Court will not "weigh the evidence" or make credibility determinations to resolve factual disputes, which are ultimately reserved for the factfinder in this case. See Eat Right Foods Ltd., 880 F.3d at 1118 (quoting Anderson, 477 U.S. at 249); see also Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted). In doing so, the Court "view[s] the evidence in the light most favorable to the nonmoving party and make[s] all reasonable inferences in favor of that party." Eat Right Foods Ltd., 880 F.3d at 1118 (citing Tolan v. Cotton, 572 U.S. 650, 660 (2014)).

Federal courts apply a two-step framework to review motions for summary judgment. First, the Court must decide whether the moving party has met their initial burden by "demonstrating the absence of a genuine issue of material fact." Hollis, 159 F.4th at 683 (citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986)). This initial burden varies depending on which party carries the ultimate burden of proof on a given claim. When the movant does, they "must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." Gillings v. Time Warner Cable LLC, 583 Fed.Appx. 712, 715 (9th Cir. 2014) (unpublished disposition) (quoting C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)). When the moving party does not carry the ultimate burden of proof, they can merely "point[ ] out that there is an absence of evidence to support the nonmoving party's case." Lerner, 119 F.4th at 717–18 (citation omitted).

If the moving party meets their initial burden, the Court must decide whether the non-moving party "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" Id. at 178 (quoting Anderson, 477 U.S. at 250). It is well-settled that a party cannot defeat summary judgment by presenting "the mere existence of a scintilla of evidence;" in other words, "[t]he non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (first citing Anderson, 477 U.S. at 252; then quoting Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Rather, "the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in [their] favor." Id. (citing Anderson, 477 U.S. at 252).

Finally, in reviewing the record, the Court relies on the Parties to "identify with reasonable particularity the evidence" they want it to consider. See Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n, 922 F.3d 929, 936 (9th Cir. 2019) (citation omitted); see also FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."). This Court will not "scour the record in search of a genuine issue of triable fact," nor does it have to. See Californians for Renewable Energy, 922 F.3d at 936 (citation omitted); see also Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991) (citation omitted) (clarifying that a "[d]istrict court is under no obligation to mine the full record for issues of triable fact.").

## II.   FACTUAL BACKGROUND

Based on its review of the record, as framed by the Parties, the Court makes the following findings of fact.

### A.  *Undisputed Facts*

Initially, the Court finds that the following facts are undisputed.

On November 2, 2019, Plaintiff Charmagne Domingo purchased an Avalanche Foldable Pocket Chair ("Chair") from Defendant Ross Stores, Inc. See ECF No. 1-1 at ¶¶ 11, 13 [hereinafter, "Complaint"]. Then, on July 7, 2020, Ms. Domingo sat in the Chair, the Chair collapsed, and its folding mechanism injured her. See id. ¶¶ 14–15; see also ECF No. 35-1 at 3 [hereinafter, "NLVFD EMS Report"]. Ms. Domingo called the North Las Vegas Fire Department, and its first responders transported her to Centennial Hills Hospital for treatment. See NLVFD EMS Report at 3; see also ECF No. 35-2 at 4 [hereinafter, "Plaintiff's Deposition"]. At that time, Ms. Domingo knew the Chair caused her injury, and she contemplated filing a lawsuit in response. See Plaintiff's Deposition at 4–5.

Over three years later, Ms. Domingo filed the instant lawsuit in the Eighth Judicial District

Court of the State of Nevada, which sits in Clark County. See Complaint at 1 (certifying that Ms. Domingo's complaint was electronically filed on July 27, 2023). Through it, Ms. Domingo asserts a slew of tort and contract claims, see generally id., and she seeks to recover damages for "emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, property damages, and possible future medical expenses." Id. ¶ 21.

On March 12, 2024, Defendant Ross Stores, Inc. removed Ms. Domingo's case to this Court. See generally ECF No. 1 (petition for removal). Then, on August 8, 2025, Defendants filed a joint motion for summary judgment on all claims; specifically, they argue that Plaintiff's claims are time-barred under Nevada law. See generally ECF No. 35. Plaintiff responded on August 22, 2025. See generally ECF No. 36. And Defendants replied on September 5, 2025. See generally ECF No. 40.

**B. *Disputed Facts***

Next, the Court finds that there are no genuine disputes of material fact for purposes of Defendants' Joint Motion for Summary Judgment. True enough, Plaintiff offers a brief statement of disputed facts in her opposition. See ECF No. 36 at 4. But it is woefully insufficient to create a triable issue of fact for the following reasons.

First, the bulk of Plaintiff's disputed "facts" revolve around issues of law, which can—and must—be resolved by this Court. See, e.g., id. ("Whether a products liability cause of action has a two-year statute of limitations or a four-year statute of limitations.").

Second, Plaintiff fails to cite a single piece of evidence in her attempt to stave off summary judgment by divining factual disputes. See id. At this procedural posture, it is incumbent on Plaintiff to "identify with reasonable particularity the evidence" she wants this Court to consider for purposes of summary judgment. See Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n, 922 F.3d 929, 936 (9th Cir. 2019) (citation omitted). "Because [Ms. Domingo] has not cited any evidence in the record indicating a *factual* dispute, [s]he has failed to establish that a genuine issue of material fact exists." Penwell v. Holgeerts, 386 Fed.Appx. 665, 667–68 (9th Cir. 2010) (footnote omitted) (unpublished disposition); see also FED. R. CIV. P. 56(c) ("A party

asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of . . . the record . . . ."); see also id. at 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of [summary judgment].").

On this factual record, Defendants' Joint Motion for Summary Judgment presents a narrow question of law: does Nevada's statute of limitations for personal injury actions bar Plaintiff's claims? The Court's opinion follows.

**III.    DISCUSSION**

Since this is a diversity action, Plaintiff's claims are governed by Nevada's statutes of limitations. In Nevada, personal injury claims are subject to a two-year limitation period. This statute of limitations applies to all of Plaintiff's claims because—at their core—they seek recovery for a personal injury caused by another's wrongdoing. As such, Plaintiff's claims are time barred and must be dismissed at this time.

As a preliminary matter, this Court looks to Nevada law to determine the statute of limitations for Plaintiff's claims. Since the Court is sitting in diversity, see ECF No. 1 at 2 (petition for removal), and all of Plaintiff's claims arise under Nevada law, see generally Complaint, the Court must apply Nevada's substantive law to this case. See In re Cnty. of Orange, 784 F.3d 520, 527 (9th Cir. 2015) (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). It is well settled that statutes of limitations are substantive law for purposes of the Erie Doctrine. See Shubi v. Universal Vacation Club, No. 23-55016, 2024 WL 1367176, at *2 n.2 (9th Cir. Apr. 1, 2024) ("[S]tate statutes of limitations have long been considered to be part of a state's substantive law."); see also Alban v. Shea Homes Ltd., 634 F.3d 524, 530 (9th Cir. 2011) (citation omitted) (same). Therefore, Nevada's statutes of limitations dictate whether Plaintiff's claims were filed on time.

Specifically, Plaintiff's claims are governed by Nevada's limitation period for personal injury actions. In Nevada, "an action to recover damages for injuries to a person . . . caused by the

wrongful act or neglect of another" has a two-year limitation period. See NEV. REV. STAT. ANN. § 11.190(4)(e) (West 2025). This Court looks to the "gravamen"—*i.e.*, the "substantial point or essence"—of Plaintiff's claims to determine whether they are subject to this statute of limitations. See Symborski v. Spring Mountain Treatment Ctr., 403 P.3d 1280, 1285 (Nev. 2017). All of Plaintiff's claims seek the same thing: damages for an injury which purportedly resulted from Defendants' malfeasance in manufacturing and/or selling the Chair. See, e.g., Complaint at ¶ 21 ("Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, property damages, and possible future medical expenses, all to Plaintiff's general and special damages . . . ."). Indeed, based on her initial disclosures, Plaintiff's damages consist almost exclusively of past—and future—medical treatment(s) for this injury. See ECF No. 35-3 at 31 (computation of damages) [hereinafter, "Pl. Initial Disc."]. On this record, the Court concludes that Plaintiff's claims are fundamentally personal injury claims which are subject to a two-year statute of limitations under state law.

Based on this statute of limitations, Plaintiff's claims are untimely. Generally, a statute of limitations begins running against a claim when the claim accrues. See Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997) (citation omitted). "[A] cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Adkins v. Union Pac. R.R. Co., 554 P.3d 212, 217–18 (Nev. 2024) (quoting Petersen v. Bruen, 792 P.2d 18, 20 (Nev. 1990)). Here, Plaintiff's claims are based on an injury which occurred on July 7, 2020. See Complaint at ¶ 14–15. At that time, Plaintiff could have sought relief because she knew that the Chair caused her injury; in fact, she even considered filing a lawsuit while she was at Centennial Hills Hospital. See Plaintiff's Deposition at 4–5. As such, Plaintiff's claims accrued on July 7, 2020. Nonetheless, Plaintiff did not assert them until July 27, 2023. See Complaint at 1. Since Plaintiff waited over two years to file these claims, they are untimely under Nevada's two-year statute of limitations for personal injury claims.

Finally, the Court declines to apply a different statute of limitations to some of Plaintiff's claims merely because they are styled as product liability claims.

Initially, Plaintiff urges this Court to apply Nevada's residual statute of limitations[1] to her product liability claims because they are—somehow—exempt from § 11.190(4)(e). They are not. First and foremost, it simply does not matter what legal theory these claims are couched under. See Stalk v. Mushkin, 199 P.3d 838, 841 (Nev. 2009) (citing Hartford Ins. Grp. v. Statewide Appliances, Inc., 484 P.2d 569, 571 (1971)) ("[T]he object of the action, rather than the legal theory under which recovery is sought, governs when determining the type of action for statute of limitations purposes."). Instead, the Court looks to the "true nature of [Plaintiff's] claims" to determine their limitation period(s). See id. (citation omitted). And this Court has already found that they are fundamentally personal injury claims, which are subject to a two-year statute of limitations. See supra at 6. Second, the Court declines to find that product liability claims are categorically incompatible with Nevada's statute of limitations for personal injury claims. Granted, this limitation period presupposes "the wrongful act or neglect of another." NEV. REV. STAT. ANN. § 11.190(4)(e) (West 2025). As does an action grounded in strict product liability. See Campos v. New Direction Equip. Co., No. 2:08-CV-00286-LRH-RJJ, 2009 WL 114193, at *3 (D. Nev. Jan. 16, 2009) (first quoting W. PAGE KEETON, PROSSER AND KEETON ON TORTS 2 (Dan B. Dobbs et al. eds., 5th ed. 1984); then citing Tort, BLACK'S LAW DICTIONARY (8th ed. 2004)) ("Strict products liability sounds in tort. A tort, by definition and by its very nature, is a wrongful action."). Indeed, "courts in the District of Nevada have closely analyzed this issue and found that the two-year statute of limitations applies to all personal injury actions, including strict liability actions." Coryell v. U.S., No. 2:18-cv-00593-GMN-NJK, 2019 WL 720972, at *3 (D. Nev. Feb. 20, 2019) (collecting cases). The Court declines to depart from this chorus of persuasive authority,[2] which aligns with its own understanding of the nature—and timeliness—of product liability claims in this state.

---

[1] See generally NEV. REV. STAT. ANN. § 11.220 (West 2021) ("An action for relief, *not hereinbefore provided for*, must be commenced within 4 years after the cause of action shall have accrued, regardless of whether the underlying cause of action is analogous to that of any other cause of action with a statute of limitations expressly prescribed by law.") (emphasis added).

[2] As an aside, this Court will not disregard persuasive, relevant case law from its sister courts across this district. In her opposition, Plaintiff claims that this Court must completely disregard federal case law in this matter pursuant to the Erie Doctrine. See ECF No. 36 at 6. The Erie Doctrine requires no such thing. To recap, Erie requires this Court to apply Nevada's substantive law in this case. See supra at 5. In doing so, the Court relies on binding and persuasive authorities on state law, *including* federal case law which interprets Nevada's statutes of limitations.

Finally, Plaintiff's argument regarding Nevada's statute of limitations for "action[s] on an open account for goods, wares[,] and merchandise" fares no better. See NEV. REV. STAT. ANN. § 11.190(2)(a) (West 2025). In short, Plaintiff fails to explain how any of her product liability claims involve an "*open* account"—*i.e.*, "[a]n account that is left open for ongoing debit and credit entries by two parties . . . ." Account, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "open account" as an "unpaid or unsettled account" or "[a]n account that is left open for ongoing debit and credit entries by two parties."). This is unsurprising. After all, Plaintiff's claims stem from a chair which she purchased at a retail store, and she has not shown that this purchase involved any form of credit—much less a revolving line of credit. As such, the Court cannot apply § 11.190(2)(a)'s three-year limitation period to her product liability claims.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## IV.    CONCLUSION

While the Court is sympathetic to Plaintiff's injury, it cannot disregard state law. Put succinctly, all of Plaintiff's claims are subject to Nevada's two-year limitation period for personal injury claims. Defendants have shown that Plaintiff took over three years to file her claims. And Plaintiff failed to create any genuine disputes of material fact on this—or any—issue. Consequently, the Court concludes that Plaintiff's claims are untimely and must be dismissed as a matter of law.

Therefore, **IT IS HEREBY ORDERED** Defendants' Joint Motion for Summary Judgment (ECF No. 35) is **GRANTED** in full. Plaintiff's claims are **DISMISSED** with prejudice because they are time-barred.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Certify Questions of Law to the Supreme Court of Nevada (ECF No. 38) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Cross-Claimant Ross Stores, Inc's Motion for Summary Judgment (ECF No. 39), and the related motion for leave to file a belated opposition (ECF No. 47), are **DENIED** as moot.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

**DATED:** March 16, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 9 -